## MOSES *v.* UNITED STATES.

PRACTICE; STAY OF EXECUTION BY AGREEMENT OF THE PARTIES; SCIRE FACIAS.

Where a writ of *fieri facias* is returned twenty-one months after its issuance, the return of the marshal being that it was not executed by request of the defendants, the plaintiff not objecting, and such return is true, it is competent for the plaintiff to forthwith issue a second writ of *fieri facias* without first reviving the judgment by *scire facias*, the rule that a judgment must be so revived after the lapse of a year and a day without execution, not applying where the judgment debtor procures delay of execution.

No. 1108. Submitted December 4, 1901. Decided January 7, 1902.

HEARING on an appeal by the defendants from an order of the Supreme Court of the District of Columbia, overruling a motion to quash a second or *alias* writ of *fieri facias*.

*Affirmed.*

The COURT in its opinion stated the case as follows:

On April 1, 1893, the United States, as plaintiffs, recovered judgment in the Supreme Court of the District of Columbia, against William B. Moses, now deceased, as surety upon the bond of Henry W. Howgate, as disbursing officer of the United States Signal Corps, for the sum of $12,000, with interest and costs. The case was appealed, first to this court and then to the Supreme Court of the United States, during the progress of which appeals Moses died, and his administrators were substituted as parties in his place. The judgment was affirmed on both appeals, and the final mandate to that effect was filed in the Supreme Court of the District on June 15, 1899.

Five days afterwards, on June 20, 1899, a writ of *fieri facias* was issued to enforce the judgment. This writ was returned by the marshal, first as of the date of August 29, 1899, but subsequently as of its true date, March 13, 1901, in the following terms: "Not executed by request of the defendants, the United States Attorney not objecting." The cause of the delay, of the failure to levy, and of the final return of the writ without levy, was the pendency of negotiations between the administrators and the Department of Justice, and in part also between the administrators and the Treasury Department, and the pendency of an application to Congress for relief, concurred in by the Department of Justice, as claimed by the administrators, but such concurrence is denied by the officers of the department. Both houses of Congress acted favorably on the application, and passed a bill for the relief of the administrators; but this bill, on the suggestion of the Department of Justice, was retained by the President and failed to become a law.

On March 13, 1901, immediately on the return of this first writ, a second writ of *fieri facias* was issued upon the order of the attorney for the United States. This second or *alias* writ the appellants moved to quash, on the ground, (1) that the prior writ had been returned unexecuted by

direction of the plaintiff, notwithstanding the fact that there then was ample property, both real and personal, within the District of Columbia upon which the same might have been levied; and (2) that from June 20, 1899 (the day of the issue of the first writ), to March 13, 1901, no action of any kind had been taken to revive the judgment, so that the same became abated, and no writ of *fieri facias* could issue until the judgment had been revived under a writ of *scire facias.* The motion to quash was overruled; and from the order overruling it the present appeal has been taken.

Besides the writs and orders above recited, the record contains also several affidavits, some on each side. Those on behalf of the United States tend to show that the delay in levying the original *fieri facias* had been at the request of the appellants. The affidavits on behalf of the appellants do not seem to have controverted this fact; but they aver that the Department of Justice had suggested to the appellants to apply to Congress for relief, and intimated that a bill, when passed by Congress, would be approved by said department, but that when such bill was passed said department reported adversely upon it, by reason whereof the President failed to sign it. The Solicitor-General, in an affidavit made by him, denied that the department had made any such suggestion to the appellants.

It may be added that, since this case was submitted to this court, application has again been made by the appellants to Congress for relief, and that such application is now pending.

*Mr. J. J. Darlington* for the appellant:

The proposition of the appellant is that, notwithstanding the English rule, stated rather than applied in some of the old English authorities, that it is " not necessary for the Crown to sue out a writ of *scire facias* to revive a judgment," in this country the Government, when it comes into the arena of civil litigation, places itself upon the footing of persons whom it sues, and is bound by the same principles and

rules of practice. *Bank* v. *Planters' Bank,* 9 Wheat. 904, 907; *United States* v. *Beebee et al.,* 17 Fed. Rep. 36, 40; *United States* v. *Smith,* 94 U. S. 217; *Calloway* v. *Cosart,* 45 Ark. 81, 88; *The Siren,* 7 Wall. 154; *Brent* v. *Bank of Washington,* 10 Pet. 614, 615; *United States* v. *Winsted,* 12 Fed. Rep. 50. The principle that, where the debtor himself seeks the delay, he cannot take advantage of it, is purely an equitable one, and, like all equitable defenses, is subject to contrary equities arising in the particular case. Where the judgment plaintiff has led the defendant into a costly and laborious course of procedure, only to disappoint him, by an arbitrary and unexplained change of attitude upon the part of the judgment plaintiff himself, after the debtor had accomplished what it had been proposed for him to do, it is submitted that the equities are against and not with him.

*Mr. Ashley M. Gould,* United States Attorney for the District of Columbia, and *Mr. Jesse C. Adkins,* Assistant, for the appellee.

*Mr. Justice* MORRIS delivered the opinion of the Court:

Manifestly it would serve no good purpose for us to consider the affidavits in the case. Consideration of them seems to us to be entirely unnecessary; and what the Department of Justice did or failed to do has no relevancy to the question before us for determination. It is very evident that the marshal's return speaks the truth and the whole truth in the matter; and the appellants have not sought in any manner to question its correctness. The question then is, whether, after such return of the writ, it became necessary to revive the judgment by *scire facias,* as though no writ of execution had ever been issued, a year and a day from the date of the judgment on the mandate (June 15, 1889) having elapsed; and that this question was correctly answered in the order made by the court below we have no doubt whatever.

It was so adjudged as early as the days of Lord Mansfield in the case of *Mitchell* v. *Cue,* 2 Burrow, 660; and in this Dis-

trict as long ago as the cases of *Phillips* v. *Lowndes,* 1 Cranch
C. C. Rep. 283, and *Muncaster* v. *Mason,* 2 Cranch C. C.
Rep. 521.    The rule on the subject, as stated in the Ency-
clopedia of Pleading and Practice, Vol. VIII, p. 352, is the
following:

"When there is a *cessat executio* or stay by agreement
of the parties for a definite time, the plaintiff may take
out execution within a year and a day after the expiration
of the stay without a *scire facias.*    Likewise any interrup-
tion or delay occasioned by the debtor will extend the time
within which the writ may be issued without *scire facias,*
and delay caused by an injunction is within the rule."

And the numerous cases cited in the Encyclopedia, and
by counsel for the appellees in his brief, fully support the
proposition; and we do not understand that there is now
any authority to the contrary.    The reason is, as stated in
the case of *Hiscocks* v. *Kemp,* 3 Adolphus & Ellis, 676,
that, since *scire facias* is required for the revival of judg-
ment after the lapse of a year and a day without execution
upon it on the ground of a *prima facie* presumption which
then arises that the judgment has been in some manner
satisfied, delay of execution procured by the judgment
debtor rebuts the presumption, and he is estopped from set-
ting up the lapse of time.    The period of delay so procured
by the debtor is to be deducted before the year and the day
can be counted.

Upon the return, therefore, of the first writ of *fieri facias*
unsatisfied, it was competent for the appellee forthwith to
issue the second writ.    The first writ had sufficed to con-
tinue the vitality of the judgment; its return showed the
judgment still in force and unsatisfied; and the second writ
was promptly and properly issued.

We must *affirm the order appealed from, with costs.    And
it is so ordered.*